UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **RAPID MAT, LLC** (Debtor) | **CASE NO.: 06-30675** |
| **RAPID MAT, US, LLC** | **CASE NO.: 06-30676** |
| **COLT DEFENSE LLC, COLT RAPID MAT LLC, WILLIAM M. KEYS AND ROBERT TIMOTHY TAPP** (Plaintiffs) | |
| **VERSUS** | |
| **LUCY G. SIKES, TRUSTEE FOR RAPID MAT, LLC, MARK K. SUTTON, TRUSTEE FOR RAPID MAT US, LLC AND TRANSOCEANIC SHIPPING COMPANY, INC., LES BAILEY and L.A.B. PROJECT RESOURCE GROUP, INC.** (Defendants) | **AP: 06-** |

## COMPLAINT FOR DECLARATORY RELIEF COMBINED WITH A REQUEST FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION

Now into Court, through undersigned counsel, comes Colt Defense, LLC (hereinafter "Colt Defense") and Colt Rapid Mat, LLC (hereinafter "Colt Rapid Mat"), William M. Keys (hereinafter "Keys") and Robert Timothy Tapp (hereinafter "Tapp") (hereinafter Colt Defense, Colt Rapid Mat, Keys and Tapp are referred to collectively as the "Plaintiffs") who for their complaint against the above referenced parties, hereby allege and state, to-wit:

1.

On or about June 5, 2006, Rapid Mat, LLC (hereinafter "Rapid Mat") filed a voluntary

20607.000/430414.5
COMPLAINT FOR DECLARATORY RELIEF COMBINED WITH A
REQUEST FOR TEMPORARY RESTRAINING ORDER, PERMANENT
INJUNCTION AND PERMANENT INJUNCTION
PAGE 1

07-03006 - #1  File 01/31/07  Enter 01/31/07 16:00:25  Main Document  Pg 1 of 8

petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code. Lucy Sikes (hereinafter "Sikes") was thereafter appointed as the interim Trustee in connection with that matter.

2.

On or about June 5, 2006, Rapid Mat US, LLC (hereinafter "Rapid Mat US") filed a voluntary petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code. Mark K. Sutton (hereinafter "Sutton") was thereafter appointed as the interim Trustee in connection with that matter.

3.

This adversary proceeding seeks declaratory relief regarding certain causes of action asserted by Sikes and Sutton (hereinafter Sikes and Sutton are referred to collectively as the "Trustees"), Transoceanic Shipping Company, Inc. (hereinafter "TSC"), Les Bailey (hereinafter "Les Bailey") and L.A.B. Project Resource Group, Inc. (hereinafter "LAB") (hereinafter the Trustees, TSC, Bailey and LAB are referred to collectively as the "Defendants"). This adversary proceeding further seeks injunctive relief including a permanent injunction barring TSC, Bailey and LAB from pursuing causes of action which are property of the Debtors' bankruptcy estates. As such, this proceeding is governed by the Bankruptcy Rules of Procedure, Rule 7001, *et seq.*, 11 U.S.C. §362 and §105 and 28 U.S.C. §2201.

4.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §157 and 28 U.S.C. §1334.

5.

Defendant Trustees are each serving as Trustees as set forth herein and their respective cases are pending in this district. Upon information and belief, TSC is a Louisiana corporation with its principal place of business located in Jefferson Parish, Louisiana. Upon information and belief,

20607.000/430414.5
COMPLAINT FOR DECLARATORY RELIEF COMBINED WITH A
REQUEST FOR TEMPORARY RESTRAINING ORDER, PERMANENT
INJUNCTION AND PERMANENT INJUNCTION
PAGE 2

07-03006 - #1 File 01/31/07 Enter 01/31/07 16:00:25 Main Document Pg 2 of 8

Defendant Bailey is an individual who resides at 1909 Silverado Drive, Weatherford, Texas. Upon information and belief, Defendant, LAB, is a Texas corporation with an address of 2110 Fort Worth Highway, Weatherford, Texas.

6.

Venue is, therefore, properly laid herein pursuant to 28 U.S.C. §1409.

7.

This matter is a core proceeding as that term is defined at 11 U.S.C. §157. Plaintiffs consent to the entry of a final judgment by this Honorable Court.

8.

## FACTUAL ALLEGATIONS

Prior to the filing of the original petition for relief herein, Colt Defense entered into a revolving loan transaction with Rapid Mat and Rapid Mat, US (hereinafter Rapid Mat and Rapid Mat US are referred to collectively as the "Debtors") pursuant to which Colt Defense loaned money to the Debtors. The loan was evidenced by a Promissory Note and Security Agreement (hereinafter the "Loan Documents") in the original principal amount of $300,000.00, dated March 1, 2005. The loan was secured by security interests in all of the assets of the Debtors. The security interests were properly perfected by the filing of two financing statements under the UCC on March 7, 2005.

9.

The funds advanced to the Debtors were used in the ordinary course of the Debtors' businesses. The Debtors eventually failed to comply with the repayment terms of the Loan Documents and such action constituted an event of default under the Loan Documents.

10.

On April 29, 2005, Colt Defense sent a proposal to the Debtors whereby it indicated a

20607.000/430414.5
COMPLAINT FOR DECLARATORY RELIEF COMBINED WITH A
REQUEST FOR TEMPORARY RESTRAINING ORDER, PERMANENT
INJUNCTION AND PERMANENT INJUNCTION
PAGE 3

07-03006 - #1    File 01/31/07    Enter 01/31/07 16:00:25    Main Document    Pg 3 of 8

willingness to accept a conveyance of its collateral in satisfaction of its secured debt.

11.

On May 18, 2005, Colt Defense assigned the debt and Loan Documents to Colt Rapid Mat, which thereby succeeded to Colt Defense's rights and obligations under the Loan Documents. On or about May 19, 2005, the proposal to accept the collateral became effective between the Debtors and Colt Rapid Mat and the Debtors tendered a surrender of their assets pledged to secure their loans as payment in full of their indebtedness. Colt Rapid Mat accepted the surrender by the Debtors of the collateral.

12.

Approximately one month prior to the filing of the petition for relief herein, TSC instituted litigation in the 24th Judicial District Court for the State of Louisiana against the Debtors and Colt Defense (Suit No. 631-059) (hereinafter the "TSC State Court Case"). In its lawsuit, TSC asserts a "successor liability" cause of action against Colt Defense asserting that the surrender of the collateral transaction operated to make Colt Defense liable for the debts of one or both of the Debtors including specifically the open account claim of TSC against one or both of the Debtors.

13.

On or about April 18, 2006, Bailey and LAB sued the Plaintiffs and Rapid Mat in the United States District Court for the Northern District of Texas, Fort Worth Division (Docket No. 4:06-CV-344-Y) (hereinafter the "Bailey Federal Court Case"). In its lawsuit, Bailey and LAB assert that the Plaintiffs are liable for fraudulent transfer under Texas law claiming that Colt Defense and Colt Rapid Mat received fraudulent transfers of Rapid Mat's assets, and that Tapp and Key participated in such alleged transfers.

20607.000/430414.5
COMPLAINT FOR DECLARATORY RELIEF COMBINED WITH A
REQUEST FOR TEMPORARY RESTRAINING ORDER, PERMANENT
INJUNCTION AND PERMANENT INJUNCTION
PAGE 4

07-03006 - #1 File 01/31/07 Enter 01/31/07 16:00:25 Main Document Pg 4 of 8

14.

The Plaintiffs have filed responsive pleadings in both actions denying any liability thereunder and further asserting that any such cause of action is property of the Bankruptcy Estate in accordance with the Fifth Circuit ruling of In re S.I. Acquisitions, 817 F.2d. 1142 (5th Cir. 1987).

15.

Counsel for the Trustees herein filed a petition of removal to the United States District Court of the TSC State Court Case. TSC's motion for remand was granted on the grounds that such removal was improper. However, in remanding the action back to State Court, the United States District Court did not address the issues and controlling precedent set forth in the case of *In re* S.I. Acquisition, Inc., 817 F. 2d 1142 (5th Cir. 1987).

16.

The United States District Court for the Northern District of Texas, Fort Worth Division has stayed the Bailey Federal Court Case due to the pendency of the Debtors' bankruptcy cases.

17.

On or about November 17, 2006, the Trustees commenced an adversary proceeding against Colt Defense and Colt Rapid Mat in this Bankruptcy Court (Adversary Proceeding No. 06AP-3079) (hereinafter the "Trustees' Bankruptcy Court Adversary Proceeding") seeking to recover from Colt Defense and Colt Rapid Mat for alleged fraudulent transfers under state and federal law arising out of the surrender of collateral transaction, and for alleged "successor liability" theories.

18.

The allegations contained in the TSC State Court litigation and the Bailey Federal Court litigation both assert actions which are not unique to TSC, Bailey or LAB but are generic to the Debtors' respective creditor bodies as a whole. These actions are, thus, properly asserted by the

20607.000/430414.5
COMPLAINT FOR DECLARATORY RELIEF COMBINED WITH A
REQUEST FOR TEMPORARY RESTRAINING ORDER, PERMANENT
INJUNCTION AND PERMANENT INJUNCTION
PAGE 5

07-03006 - #1 File 01/31/07 Enter 01/31/07 16:00:25 Main Document Pg 5 of 8

Trustees as set forth in the S.I. Acquisition case cited herein and, in fact, have been asserted by the Trustees against Colt Defense and Colt Rapid Mat in the Trustees' Bankruptcy Court Adversary Proceeding. Because of the pendency of the various lawsuits and adversary proceedings against the Plaintiffs, the Plaintiffs face a risk of multiple and/or inconsistent judgments. The Trustees face a risk of loss of Estate assets if any rights deriving from the UCC foreclosure by Colt Rapid Mat which are property of the Estate, to the extent they exist, are allowed to be controlled or recovered by individual creditors.

19.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

The Plaintiffs hereby re-assert and re-allege the allegations of paragraphs 1 through 18 of this Complaint.

20.

Colt Rapid Mat recovered its collateral in accordance with the applicable provisions of the Uniform Commercial Code.

21.

The grounds to establish successor liability have been neither alleged nor proven by the Trustee and such grounds do not exist.

22.

The Plaintiffs, therefore, request a declaratory judgment from this Court that the Plaintiffs are not liable for the debts of Rapid Mat, LLC or Rapid Mat US, LLC.

23.

## CAUSE OF ACTION FOR INJUNCTIVE RELIEF - AUTOMATIC STAY AND SECTION 105

The Plaintiffs hereby re-allege and re-assert all allegations of paragraphs 1 through 22 of its

20607.000/430414.5
COMPLAINT FOR DECLARATORY RELIEF COMBINED WITH A
REQUEST FOR TEMPORARY RESTRAINING ORDER, PERMANENT
INJUNCTION AND PERMANENT INJUNCTION
PAGE 6

07-03006 - #1 File 01/31/07 Enter 01/31/07 16:00:25 Main Document Pg 6 of 8

complaint.

24.

The filing of the petition for relief under bankruptcy automatically stays any action "to obtain possession of property of the Estate or of property from the Estate or to exercise control over property of the Estate", see 11 U.S.C. §362(a)(3). The causes of action asserted by TSC, Bailey and LAB are property of the Bankruptcy Estate which can only be pursued by the Trustees.

25.

TSC's pursuit of the TSC State Court Case violates of the automatic stay provisions of the Bankruptcy Code.

26.

Unless this Court issues appropriate orders enjoining the TSC State Court Case and the Bailey Federal Court Case, the Plaintiffs will be subject to irreparable harm including, without limitation, the exposure to duplicative litigation and multiple and/or inconsistent judgments regarding the same cause of action.

27.

The Plaintiffs, therefore, request judgment from this Court in the form of declaratory relief finding that such claims are property of the Estate and that the automatic stay enjoins the named Defendants from pursuing same.

28.

It is appropriate for this Court to issue appropriate orders enjoining the TSC State Court Case and the Bailey Federal Court Case, and referring those claims to this jurisdiction pursuant to 11 U.S.C. §105 and 362.

WHEREFORE, the Plaintiffs pray that its adversary proceeding be filed in the record of this

COMPLAINT FOR DECLARATORY RELIEF COMBINED WITH A
REQUEST FOR TEMPORARY RESTRAINING ORDER, PERMANENT
INJUNCTION AND PERMANENT INJUNCTION
PAGE 7

07-03006 - #1 File 01/31/07 Enter 01/31/07 16:00:25 Main Document Pg 7 of 8

proceeding and that such matter be duly served on all named Defendants herein and after all due proceedings are had that it receive against TSC, Bailey and LAB a temporary restraining order and a preliminary injunction enjoining the TSC State Court Case and the Bailey Federal Court Case, and a judgment from this Court permanently enjoining TSC, Bailey and LAB from pursuing claims against Plaintiffs herein as set forth in this pleading, and that it further receive judgment over and against the Trustees herein declaring that they are not liable to the Estates for the debts of the Debtors, and for such other and further relief to which they may be entitled.

Respectfully submitted:

SHUEY SMITH LLC

By: _____
Richard J. Reynolds, La. Bar #1127
401 Edwards Street, 13th Floor
Shreveport, Louisiana 71101
318.221.8671
318.222.4320 fax

Attorneys for Colt Defense LLC, Colt Rapid Mat LLC, William M. Keys and Robert Timothy Tapp